◼ PATRICIA RAMIREZ, Respondent, v ROBERT A. JACOBS et al., Appellants, et al., Defendants. [807 NYS2d 140]—

In an action to recover damages for medical malpractice, the defendants Robert A. Jacobs and Cosmetic Surgery of New York, P.C., appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered June 23, 2004, which, upon a jury verdict finding the plaintiff 40% at fault and the defendant Robert A. Jacobs 60% at fault for the injuries to the plaintiff, upon the granting of the plaintiff's motion pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as found the plaintiff to be 40% at fault, and upon the denial of that branch of the motion of the defendants Robert A. Jacobs and Cosmetic Surgery of New York, P.C., which was pursuant to CPLR 4404 (a) to set aside the verdict and for judgment in their favor as a matter of law, is in favor of the plaintiff and against them in the principal sum of $500,000.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion is denied, that branch of the motion of the defendants Robert A. Jacobs and Cosmetic Surgery of New York, P.C., which was to set aside the verdict and for judgment in their favor as a matter of law is granted, the jury verdict is set aside, and the complaint is dismissed.

We agree with the appellants that the evidence adduced at trial was legally insufficient to support the jury verdict. The plaintiff's theory was that during three telephone conversations she had, two with the defendant Robert A. Jacobs, and one with

his nurse, she exhibited signs of aberrant behavior, and that Dr. Jacobs departed from the applicable standard of care by failing to heed those signs and intervene to prevent the plaintiff from injuring herself. By its responses to various interrogatories, the jury specifically found that, with respect to the first two telephone conversations, the plaintiff did not "describe[ ] or exhibit[ ] symptoms of abnormal behavior including wanting to injure herself." With respect to the third and last conversation, the jury found that the plaintiff did "describe[ ] or exhibit[ ] symptoms of abnormal behavior," and that Dr. Jacobs's failure to intervene based on that last conversation was a departure "from good and accepted standards of practice." However, during her direct testimony, the plaintiff testified that during the third conversation, she merely informed Dr. Jacobs that she had an episode during which she could not breathe, and that she had gone to an emergency room. She testified that "basically that was it," and that she was "just informing [Dr. Jacobs] what I had done." In explaining her third conversation, the plaintiff did not testify that she described to Dr. Jacobs or otherwise exhibited any signs or symptoms of abnormal behavior.

Viewing the evidence in the light most favorable to the plaintiff and giving her the benefit of every favorable inference that can reasonably be drawn therefrom, we conclude that the evidence presented at trial was legally insufficient to establish that the appellants were negligent (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]; Earl v Goldstein, 285 AD2d 442 [2001]). Accordingly, the jury verdict in the plaintiff's favor should have been set aside and the complaint dismissed.

In light of the foregoing conclusion, we need not address the appellants' remaining contentions. H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.